IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

TAMISHEA LANETTE WILLIAMS,                §
                                          §
              *Petitioner*,               §
                                          §
v.                                        §          CIVIL ACTION NO. H-09-3800
                                          §
RICK THALER,                              §
                                          §
              *Respondent*.               §

**MEMORANDUM OPINION AND ORDER**

Petitioner, a state inmate proceeding *pro se*, filed this section 2254 habeas proceeding challenging her capital murder conviction and life sentence.  Respondent filed a motion for summary judgment.  (Docket Entry No. 13.)  An unsigned response to the motion was received by the Court in an envelope mailed by an inmate from the Stringfellow Unit of the Texas Department of Criminal Justice.  (Docket Entry No. 21.)  Petitioner resides at the Mountain View Unit.  Under these circumstances, the record does not establish that it was petitioner who filed the response, and the Court will not rely on the response for purposes of this summary judgment proceeding.[1]

Based on consideration of the pleadings, the motion, the record, and the applicable law, the Court GRANTS summary judgment and DISMISSES this case for the reasons that follow.

---

[1]Nonetheless, the Court has reviewed the response in the interest of justice and finds it insufficient to preclude the granting of summary judgment as a matter of law.

*Procedural Background and Claims*

Petitioner was convicted of capital murder and sentenced to life imprisonment. The conviction was affirmed on appeal. *Williams v. State*, No. 14-06-0752-CR (Tex. App. – Houston [14th Dist.] 2008, pet. ref'd) (not designated for publication). The Texas Court of Criminal Appeals refused discretionary review, and denied petitioner's application for state habeas relief without a written order. *Ex parte Williams*, Application No. 72,617-01, at cover. The instant federal petition was timely filed on November 17, 2009.

Petitioner raises the following grounds for habeas relief:

(1)   The trial court erred in excluding evidence and denying a mistrial;

(2)   the trial court erred in admitting into evidence a videotaped statement;

(3)   The videotaped statement denied petitioner her right of confrontation;

(4)   The State violated *Brady*;

(5)   The State used perjured testimony;

(6)   The State introduced inadmissible evidence;

(7)   Petitioner is actually innocent;

(8)   Trial counsel was ineffective in failing to investigate;

(9)   Trial counsel was ineffective in failing to prepare for trial;

(10)  Trial counsel was ineffective in failing to file pretrial motions;

(11)  Appellate counsel was ineffective in failing to file a motion for new trial; and

(12)  Appellate counsel was ineffective in failing to raise claims on appeal.

Respondent argues that several of these claims are procedurally defaulted, and that all of the claims are without merit.

*Factual Background*

The state court of appeals set forth the following statement of facts in its opinion:

In late March 2004, Christopher Allen and Williams decided to purchase ecstasy pills from a friend of Allen's and resell the drugs for a profit. How they came to this agreement was disputed at trial. Allen testified that Williams asked him to earn some money for her by gambling. Allen alleges he won between $1500 and $1700 gambling at a club with Williams's money. Williams divided the money with Allen, and Allen left the club. Williams then returned to the club and lost her half of the winnings. Allen testified that Williams called him and asked that he return to the club to help her recoup her losses. Allen returned to the club, but declined Williams's request to help her win the money back. Allen further testified that Williams approached him two or three days later and proposed a drug deal to recoup her gambling losses. Williams instructed Allen to raise $6500 with which to purchase ecstasy pills. Allen raised the money with the help of Daniel and Amin Fields.

On March 24, 2004, Williams and Allen agreed to meet at her home to purchase the drugs. Allen testified that Williams asked him to drive into her garage as her children would be asleep in the house. Both Williams and Allen testified that Allen drove to her home, called from the driveway so that Williams could open the garage door, and Allen drove directly into Williams's garage. The garage door would not stay open, Williams told Allen, so she closed it after Allen drove into the garage. Allen's passenger was Amin Fields, the complainant.

Allen testified that after he drove into the garage, he turned off the ignition, retrieved the cash from the trunk, and began to count it. At this time, Williams stepped into the backseat of the car and told Fields that the drugs were inside the house. She then left the car, went into the house, then came back out and got into the backseat again. Allen testified that he was still outside the car counting the money when he heard a gunshot. Allen dropped the money, opened the garage door, and ran. As he ran away from the house, he heard two more gunshots. Allen eventually called 911 and met a responding officer at

Williams's house.  By the time the officer arrived at the house, the car was gone, but there was a large bloodstain in the driveway.  A search revealed no one inside the home.

Williams told a different story.  She testified that she never asked Allen to gamble for her, but that Allen had noticed that she had about $6000 in cash.  Williams testified that she intended to buy bedroom furniture with the cash, but the furniture was not the right size for her home.  Williams alleged that Allen proposed the drug deal to make money on Williams's $6000.  Williams agreed to purchase pills from Allen and set up the transaction at her home.  As described by Allen, he drove into her garage with Fields as his passenger.  Williams testified that she opened the garage door for Allen, then went back inside the house to get the money.  She kept a gun in the bag that held the money.  She got into the backseat of the car with the bag as Allen stepped out of the driver's seat.  She testified that Fields locked the car doors and began threatening her.  He told her to give him the money or he would put her in the trunk, drive away, and kill her.  She testified that Fields told Allen that he should return to the car because they needed to leave.  As Allen began to walk back to the car, Fields told Williams to get in the trunk.  Williams testified that she then grabbed her gun, closed her eyes, and shot once in front of her and twice behind her.  When she opened her eyes she saw that Fields was slumped over and there was blood everywhere.

Williams testified that she went into the house and told her sister that she had been robbed and that they needed to get out of the house before Allen returned 'with other guys' to try to kill her.  She testified that she 'dumped' Allen's car with Fields's body and drove her own car to a motel where she checked in under the name of Amy Savoy.  At the motel she showered, then drove to a police station to report a shooting at her home.  Williams testified that the police told her to return to her neighborhood and call 911 from a pay phone.  Williams did so, identifying herself to the 911 operator as Lavera Green, her sister's name, and reported that there were three men in her garage.  She also reported that Allen fired the shots and that she and her sister had driven away from the house in her car.  Williams later told the police several different versions of the incident, which she admitted at trial were false.  She likewise admitted at trial that she fired the gun at Fields, but only in fear for her life.

*Williams*, pp. 1-2.  The appellate court rejected petitioner's grounds for reversal and affirmed the conviction.

Petitioner also filed an unsuccessful pretrial application for state habeas relief, arguing that her prosecution for capital murder was barred by collateral estoppel due to the State's forfeiture proceedings.  In affirming the denial of pretrial habeas relief, the court of appeals held as follows:

> Appellant is charged with murdering the complainant, Amin Fields, while in the course of committing robbery.  Shortly after the complainant was killed, $4999 in cash was found in a hotel room rented by appellant.  The State filed a forfeiture action requesting forfeiture of the $4999 because the money was contraband as defined by article 59.01 of the Code of Criminal Procedure.  The notice of seizure and intended forfeiture alleged appellant was the 'owner and possessor' of the money.  A notice of seizure attached to the notice of intended forfeiture stated the money fell under the definition of contraband because it was 'made buying and selling drugs.'  Appellant did not contest the forfeiture. After appellant was indicted for the capital murder of the complainant, she filed an application for pretrial writ of habeas corpus in the trial court alleging the doctrine of collateral estoppel prohibited her prosecution for capital murder.  Appellant alleged that, in the forfeiture action, the State obtained a judicial determination that appellant was the owner of the money; therefore, the State cannot prosecute appellant for attempting to steal the money during the murder of the complainant.

> The trial court denied appellant's application and filed findings of fact and conclusions of law.  The court determined the parties in the civil forfeiture action were the same as the parties in the capital murder case.  The court further found there was no testimonial record or findings of fact or conclusions of law entered by the trial court in the forfeiture action to assist the court in determining what facts were determined adversely to the State by the civil forfeiture.  Other than a finding that approximately $4999 was contraband, the trial court in the forfeiture case made no finding as to the owner of the money. The trial court concluded appellant failed to prove that the matter to be re-litigated dictated the previous resolution in the civil forfeiture proceeding.

5

Therefore, the trial court found collateral estoppel did not prevent the State from alleging that $4999 was stolen from the complainant during the course of a robbery that resulted in his death.

*Ex Parte Williams*, 2006 WL 279251, *1-2 (Tex. App. – Houston [14th Dist.] 2006, pet. ref'd) (citations omitted).  The court of appeals continued:

Collateral estoppel is the principle that when an issue of ultimate fact has once been determined by a valid and final judgment, that issue cannot again be litigated between the same parties.  In reviewing a collateral estoppel claim, we must examine the record of the prior proceeding, taking into account the pleadings, evidence, charge, and other relevant matters, to determine whether a rational fact-finder could have grounded its decision on a fact other than the specific fact the party now claims has been resolved in her favor.  The burden is on the defendant to demonstrate, by examination of the record in the first proceeding, that the factual issue she seeks to foreclose was actually decided in the first proceeding.

In reviewing a trial court's decision to grant or deny relief on a writ of habeas corpus, we afford almost total deference to the trial court's determination of the historical facts supported by the record, especially when the fact findings are based on an evaluation of credibility and demeanor.  If the trial court's findings, however, are not supported by the record, we may reject its findings.  In this case, the record reflects that the Houston Police Department detective investigating the death of the complainant determined that the complainant and another person went to appellant's hotel room for the purpose of purchasing controlled substances.  The complainant brought $4999 to the hotel room for this purpose.  The money was seized as contraband and was described in the forfeiture pleadings as having been used to buy and sell drugs.  The assistant district attorney who filed the forfeiture proceeding testified that the issue of who owned the money was not litigated in the forfeiture proceeding.  Appellant testified that she did not contest the forfeiture proceeding because the allegations in the pleadings were true.

Collateral estoppel precludes a subsequent prosecution only if the matter to be re-litigated dictated the previous resolution, and the fact-finder could not rationally have based its decision on an issue other than the issue the defendant seeks to foreclose.  The mere possibility that a fact may have been determined

6

in a former trial or proceeding is insufficient to bar re-litigation of the same fact in a subsequent proceeding.  In this case, the trial court specifically found the issue of whether appellant owned the money did not dictate the resolution in the forfeiture proceeding.  Further, the court found the fact-finder in the forfeiture proceeding could rationally have based its decision on forfeiture without determining who owned the money.  The testimonial record and the pleadings in this case support the trial court's finding.  Therefore, the trial court did not abuse its discretion in denying appellant's application for writ of habeas corpus.

*Id.*, citations omitted.

*The Applicable Legal Standards*

A.   <u>Habeas Review</u>

This petition is governed by applicable provisions of the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA).  28 U.S.C. § 2254.  Under the AEDPA, federal relief cannot be granted on legal issues adjudicated on the merits in state court unless the state adjudication was contrary to clearly established federal law as determined by the Supreme Court, or involved an unreasonable application of clearly established federal law as determined by the Supreme Court.  *Williams v. Taylor*, 529 U.S. 362, 404-05 (2000); 28 U.S.C. §§ 2254(d)(1), (2).  A state court decision is contrary to federal precedent if it applies a rule that contradicts the governing law set forth by the Supreme Court, or if it confronts a set of facts that are materially indistinguishable from such a decision and arrives at a result different from the Supreme Court's precedent.  *Early v. Packer*, 537 U.S. 3, 7-8 (2002).

A state court unreasonably applies Supreme Court precedent if it unreasonably applies the correct legal rule to the facts of a particular case, or unreasonably extends a legal

7

principle from Supreme Court precedent to a new context where it should not apply, or unreasonably refuses to extend that principle to a new context where it should apply. *Williams*, 529 U.S. at 409.  In deciding whether a state court's application was unreasonable, this Court considers whether the application was objectively unreasonable.  *Id.* at 411.

The AEDPA affords deference to a state court's resolution of factual issues.  Under 28 U.S.C. § 2254(d)(2), a decision adjudicated on the merits in a state court and based on a factual determination will not be overturned on factual grounds unless it is objectively unreasonable in light of the evidence presented in the state court proceeding.  *Miller-El v. Cockrell*, 537 U.S. 322, 343 (2003).  A federal habeas court must presume the underlying factual determination of the state court to be correct, unless the petitioner rebuts the presumption of correctness by clear and convincing evidence.  28 U.S.C. § 2254(e)(1); *see also Miller-El*, 537 U.S. at 330-31.

B.    Summary Judgment

In deciding a motion for summary judgment, the district court must determine whether the pleadings, discovery materials, and the summary judgment evidence show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law.  FED. R. CIV. P. 56(c).  Once the movant presents a properly supported motion for summary judgment, the burden shifts to the nonmovant to show with significant probative evidence the existence of a genuine issue of material fact.  *Hamilton v. Segue Software, Inc.*, 232 F.3d 473, 477 (5th Cir. 2000).

While summary judgment rules apply with equal force in a section 2254 proceeding, the rules only apply to the extent that they do not conflict with the federal rules governing habeas proceedings. Therefore, section 2254(e)(1), which mandates that a state court's findings are to be presumed correct, overrides the summary judgment rule that all disputed facts must be construed in the light most favorable to the nonmovant. Accordingly, unless a petitioner can rebut the presumption of correctness of a state court's factual findings by clear and convincing evidence, such findings must be accepted as correct by the federal habeas court. *See Smith v. Cockrell*, 311 F.3d 661, 668 (5th Cir. 2002), *overruled on other grounds by Tennard v. Dretke*, 542 U.S. 274 (2004).

*Trial Court Error*

A.   Procedurally-Defaulted Claims

Petitioner complains that the trial court erred in excluding relevant evidence and denying her motion for mistrial. In rejecting these claims on collateral review, the state trial court found as follows:

1.   The applicant's claims that the trial court wrongly excluded evidence and denied trial counsel's motion for a mistrial are 'record claims'; since the applicant did not raise these issues on direct appeal, she is now procedurally defaulted from litigating this issue by way of habeas.

*Ex parte Williams*, p. 121 (citations omitted). The Texas Court of Criminal Appeals relied on this finding in denying habeas relief. This finding constitutes an independent and adequate basis in state law barring federal habeas review. *Coleman v. Thompson*, 501 U.S.

722, 729 (1991).  Thus, petitioner's claims are procedurally defaulted and barred from

consideration by this Court, in absence of petitioner's showing of good cause and prejudice

for the default or a miscarriage of justice in that she is actually innocent.  *Dorsey v.*

*Quarterman*, 494 F.3d 527, 532 (5th Cir. 2007).  Petitioner establishes neither good cause

and prejudice nor actual innocence, and her claims will not be considered.

Petitioner fails to show that the state court's determination was contrary to, or

involved an unreasonable application of, Supreme Court precedent or was an unreasonable

determination of the facts based on the evidence in the record.  No basis for habeas relief is

shown, and respondent is entitled to summary judgment on this issue.

B.    Videotaped Statement

Petitioner complains that the trial court erred in admitting into evidence the

videotaped statement of Spencer Farwell, a witness for the State.  She further complains that

admission of the videotape violated her confrontation rights.

In finding the videotaped statement admissible under state law, the state appellate

court held as follows:

> Later, during the testimony of Detective Alex Ortiz, the State sought to
> introduce Farwell's videotaped statement.  Williams objected on the grounds
> of improper bolstering.  The trial court admitted the statement as a prior
> consistent statement to rebut the suggestion that Farwell's testimony was
> fabricated.
>
> Rule 801(e)(1)(B) permits the admission of prior consistent statements of a
> witness 'offered to rebut an express or implied charge against the declarant of
> recent fabrication or improper influence or motive.'  TEX. R. EVID.

10

801(e)(1)(B).  The court of criminal appeals has recognized the following four requirements as set out by the United States Supreme Court that must be met for prior consistent statements to be admissible:

> (1)     the declarant must testify at trial and be subject to cross-examination;
>
> (2)     there must be an express or implied charge of recent fabrication or improper influence or motive of the declarant's testimony by the opponent;
>
> (3)     the proponent must offer a prior statement that is consistent with the declarant's challenged in-court testimony; and,
>
> (4)     the prior consistent statement must be made prior to the time that the supposed motive to falsify arose.

Williams contends the State failed to meet the requirements that there was a charge of recent fabrication and that the prior consistent statement was made prior to the time the alleged motive to falsify arose.  Rule 801 sets forth a minimal foundation requirement of an implied or express charge of fabrication or improper motive.  '[T]here need be only a suggestion that the witness consciously altered his testimony in order to permit the use of earlier statements that are generally consistent with the testimony at trial.'  The court of criminal appeals held that the relevant inquiry is, '[f]rom a totality of the questioning, giving deference to the trial judge's assessment of tone, tenor, and demeanor, could a reasonable trial judge conclude that the cross-examiner is mounting a charge of recent fabrication or improper motive?'  If the answer to that question is 'yes,' the trial court does not abuse its discretion in admitting a prior consistent statement made before any motive to fabricate arose.

In this case, the record reflects that two days after the shooting, Farwell went to the police station, surrendered the gun, and gave a videotaped statement substantially similar to his testimony at trial.  During her cross-examination of Farwell, Williams accused Farwell of having told a story to the police different from what he was telling at trial.  Williams argues on appeal that she was not accusing Farwell of telling a different story at trial, but that she was accusing him of telling a different story to the police when he first arrived at the police

station.  Williams claims that Farwell made an inconsistent statement prior to the videotaped statement before he was motivated by the deal with the prosecutor to abandon that version and make the consistent statement that was recorded on videotape.

In determining whether a prior consistent statement is admissible, we must review whether a reasonable trial judge could conclude that the cross-examiner is mounting a charge of recent fabrication or improper motive.  We review the totality of the circumstances, and are not bound by Williams's counsel's assertion of his intent during the examination.    Reviewing the cross-examination of Farwell and the totality of the questioning, a reasonable trial judge could conclude that Williams mounted a charge that Farwell fabricated his testimony specifically because of the agreement with the prosecutor.  Evidence of his prior statement rebutted that charge.  The trial court did not abuse its discretion in admitting the videotaped statement.

*Williams*, 2008 WL 1795030, *6-7 (citations omitted).  In urging this issue here on federal habeas review, petitioner re-asserts the same arguments she raised in the state courts.  This Court has reviewed the issue and finds no basis for disagreeing with the state court's determination.  Moreover, petitioner does not show that the trial court's admission of the videotaped statement, even if in error, had a "substantial and injurious effect or influence in determining" the jury's verdict.  *Brecht v. Abrahamson*, 507 U.S. 619, 637 (1993); *Janecka v. Cockrell*, 301 F.3d 316, 328-29 (5th Cir. 2002).

Petitioner fails to show that the state court's determination was contrary to, or involved an unreasonable application of, Supreme Court precedent or was an unreasonable determination of the facts based on the evidence in the record.  No basis for habeas relief is shown, and respondent is entitled to summary judgment on this issue.

Nor does the Court find merit to petitioner's argument that the videotaped statement violated her constitutional right to confrontation. Petitioner complains that, in the videotaped statement, Farwell mentioned that a police officer said petitioner had failed a polygraph test. Petitioner asserts that she was not able to cross-examine the police officer, and that the hearsay comment violated her confrontation rights. However, the hearsay comment did not constitute testimonial evidence admitted for the truth of the comment, and it did not infringe on petitioner's confrontation rights. *See Crawford v. Washington*, 541 U.S. 36, 59 (2004); *United States v. Acosta,* 475 F.3d 677, 683 (5th Cir. 2007).

*Prosecutorial Misconduct*

Petitioner argues that the following prosecutorial misconduct denied her a fair trial.

A.    *Brady* Violation

Petitioner claims that the State failed to provide the criminal records of two witnesses, Christopher Allen and Spencer Farwell, in violation of *Brady v. Maryland*, 373 U.S 83 (1963). Under *Brady*, suppression by the prosecution of material evidence favorable to the defendant, following a request for such evidence, violates the defendant's due process rights under the Fourteenth Amendment. To establish a *Brady* violation, a petitioner must establish that the prosecution suppressed evidence that was material and favorable to the defense. *Id*., 373 U.S. at 87-88. *See also Jackson v. Johnson*, 194 F.3d 641, 648 (5th Cir. 1999).

The state habeas court denied this claim, finding that it was unsupported by the appellate record. *Ex parte Williams*, p. 121. The Texas Court of Criminal Appeals relied on

13

this finding in denying habeas relief.  Regardless, petitioner's claim is factually incorrect. The record shows that, on October 19, 2004, and pursuant to Rule 609(f) of the Texas Rules of Evidence, the State provided trial counsel with copies of these two witnesses' prior convictions.  Clerk's Record at 102.  Petitioner does not show that any evidence was withheld from trial counsel.

Petitioner fails to show that the state court's determination was contrary to, or involved an unreasonable application of, Supreme Court precedent or was an unreasonable determination of the facts based on the evidence in the record.  No basis for habeas relief is shown, and respondent is entitled to summary judgment on this issue.

B.      Use of Perjured Testimony

Petitioner claims that her conviction was obtained by the State's use of perjured testimony.  Specifically, she argues that the State allowed the two witnesses, Allen and Farwell, to fabricate testimony to exonerate themselves and incriminate her.  In support, she asserts  that Allen's testimony was perjured because it contradicted her own testimony and because he was not a credible person.  She asserts that Farwell, too, was not credible, and that he had a "deal for leniency" with the State.

In rejecting this habeas ground, the state court made the following relevant finding:

4.      The applicant's mere conclusory allegations that the State allowed two witnesses to fabricate stories to exonerate themselves and incriminate her do not warrant habeas relief, and even if sworn to, are insufficient to overcome the State's denial.  In the alternative, these are challenges

14

to the sufficiency of the evidence, which are not cognizable in post-conviction habeas proceedings.

*Ex parte Williams*, p. 121 (citations omitted).  The Texas Court of Criminal Appeals relied on this finding in denying habeas relief.

To establish a habeas claim based on the State's use of perjured testimony, a petitioner must establish that (1) the testimony was false, (2) that the false testimony was material, and (3) that the prosecution offered the testimony knowing that it was false.  *Giglio v. United States*, 405 U.S. 150, 153 (1972).  Perjury is not established by showing contradictory witness testimony, inconsistencies within a witness's testimony, or conflicts among witnesses and other trial evidence.  *Koch v. Puckett*, 907 F.2d 524, 531 (5th Cir. 1990).  These types of inconsistencies and conflicts are matters for the trier of fact to resolve.  *Id*.  That Allen and Farwell had prior criminal convictions, and that Farwell admitted he had a "deal" with the State on other charges, was evidence given to the jury, and does not support a claim of perjury.  Petitioner's assertions of perjured testimony are nothing more than conclusory allegations unsupported in the record, and are insufficient to raise a genuine issue of material fact precluding summary judgment.  *Id*. at 530 (holding that mere conclusory allegations on a critical issue are insufficient to raise a constitutional issue).

Petitioner fails to show that the state court's determination was contrary to, or involved an unreasonable application of, Supreme Court precedent or was an unreasonable

determination of the facts based on the evidence in the record.  No basis for habeas relief is

shown, and respondent is entitled to summary judgment on this issue.

C.     Introducing Inadmissible Evidence

Petitioner next complains that the State committed prosecutorial misconduct by

knowingly introducing inadmissible evidence.  Specifically, she complains that the State

erred by introducing the videotaped statement of witness Farwell, in which Farwell

mentioned petitioner's unsuccessful polygraph examination.

Petitioner did not object, prior to its admission into evidence, to the portion of the

videotape that allegedly mentioned her polygraph examination, even though state law

recognizes such evidence as inadmissible.  *Tennard v. State*, 802 S.W.2d 678, 683 (Tex.

Crim. App. 1990).  Not until after the jury had watched the videotaped statement did trial

counsel approach the bench and complain that the videotape had mentioned the polygraph

test:

> DEFENSE COUNSEL:     The tapes have been made available to me.  I have
> looked at them over the course of these two years and, of course, made notes
> on them.  I had no recollection whatsoever that was on there at this time, just
> as [the prosecutor] didn't.  But that's where we are.  So I'm asking the Court
> to grant a mistrial based on that testimony because I don't – I can't imagine
> how on earth to fix it.
>
> THE COURT:     Just so the Court is clear and the record is clear:
> [Prosecutor], it's your position that you did not recall the polygraph
> information being on State's Exhibit No. 159[?]
>
> THE STATE:     No, ma'am.  I did not recall that being on there.

> THE COURT:        And [defense counsel], for the record, you had reviewed the State's [Exhibit No.] 159 prior to today?
>
> DEFENSE COUNSEL:      Many times, Your Honor.  And I didn't recall it was on there.  So, when [the prosecutor] says she didn't recall it, that makes perfect sense to me because I didn't recall it.
>
> THE COURT:        The Motion for Mistrial is denied.

R.R., Vol. 9, pp. 113-115.  It was clear from the bench discussions that both attorneys had previously watched the videotape, but had forgotten the comment.  The trial judge stated on the record that she had not heard mention of a polygraph test while the videotape was played for the jury.  *Id.*, p. 115.  Nevertheless, the parties agreed that the copy of the videotape provided to the jury during deliberations omitted any mention of a polygraph test.  *Id.*, pp. 115-16, 122.

It is petitioner's position that the prosecution deliberately introduced the videotape into evidence knowing that it contained an inadmissible reference to her failed polygraph examination.  However, her conclusory allegation is not supported by probative summary judgment evidence.  Both defense counsel and the prosecutor had watched the video numerous times prior to trial, and both stated on the record that they had not recalled the polygraph comment.  Petitioner cannot rely on a conclusory allegation unsupported by evidence in the record to  raise an issue of constitutional dimension.  *Koch*, 907 F.2d at 530.  Petitioner's unsupported claim of prosecutorial misconduct is without merit, and respondent is entitled to summary judgment dismissal of this issue.

*Actual Innocence*

Petitioner claims that she is actually innocent because she had "stolen" back her own money and acted in self defense.  Actual innocence as a freestanding federal habeas claim is not cognizable.  *Foster v. Quarterman*, 466 F.3d 359, 367-68 (5th Cir. 2006); *see also Cantu v. Thaler*, ___F.3d___, 2011 WL 222986, *7-8 (5th Cir. 2011) (reaffirming refusal to recognize a freestanding actual innocence claim in section 2254 proceedings).  Accordingly, respondent is entitled to summary judgment dismissal of petitioner's freestanding actual innocence claim.

To the extent petitioner is making a "gateway" claim of actual innocence for purposes of her procedurally defaulted claims, she fares no better.  As a general rule, claims forfeited under state law may support federal habeas relief only if a petitioner demonstrates cause for the default and prejudice from the asserted error.  *See House v. Bell*, 547 U.S. 518, 536 (2006).  However, in *Schlup v. Delo*, 513 U.S. 298, 319-322 (1995), the Supreme Court recognized a "miscarriage of justice" exception to the default principle and held that prisoners asserting actual innocence as a gateway to defaulted claims must establish that, in light of new evidence, "it is more likely than not that no reasonable juror would have found petitioner guilty beyond a reasonable doubt." *Schlup*, 513 U.S. at 327.  A successful gateway claim under *Schlup* does nothing more than allow an otherwise procedurally-barred claim to be reviewed by the federal court; it does not act to grant habeas relief.  However, by asserting actual innocence based on her "ownership" of the money, petitioner bases her claim in an

argument already rejected by the jury and the state courts, and no meritorious gateway claim of actual innocence is presented.

*Ineffective Assistance of Trial Counsel*

The Sixth Amendment to the United States Constitution guarantees a criminal defendant the right to the effective assistance of counsel. U.S. CONST. amend. VI. A federal habeas corpus petitioner's claim that he was denied effective assistance of counsel is measured by the standards set out in *Strickland v. Washington*, 466 U.S. 668 (1984). To assert a successful ineffectiveness claim, a petitioner must establish both constitutionally deficient performance by counsel and actual prejudice as a result of counsel's deficient performance. *Id.* at 687. The failure to demonstrate either deficient performance or actual prejudice is fatal to an ineffective assistance claim. *Green v. Johnson*, 160 F.3d 1029, 1035 (5th Cir. 1998).

A counsel's performance is deficient if it falls below an objective standard of reasonableness. *Strickland*, 466 U.S. at 688. In determining whether counsel's performance was deficient, judicial scrutiny must be highly deferential, with a strong presumption in favor of finding that trial counsel rendered adequate assistance and that the challenged conduct was the product of a reasoned trial strategy. *West v. Johnson*, 92 F.3d 1385, 1400 (5th Cir. 1996). To overcome this presumption, a petitioner must identify the acts or omissions of counsel that are alleged not to have been the result of reasonable professional judgment. *Wilkerson v. Collins*, 950 F.2d 1054, 1065 (5th Cir. 1992). However, a mere error by counsel, even if

19

professionally unreasonable, does not warrant setting aside the judgment of a criminal proceeding if the error had no effect on the judgment.  *Strickland*, 466 U.S. at 691.

Actual prejudice from a deficiency is shown if there is a reasonable probability that, but for counsel's unprofessional error, the result of the proceeding would have been different. *Id.* at 694.  To determine prejudice, the question focuses on whether counsel's deficient performance renders the result of the trial unreliable or the proceeding fundamentally unfair. *Lockhart v. Fretwell*, 506 U.S. 364, 372 (1993).  In that regard, unreliability or unfairness does not result if the ineffectiveness does not deprive the petitioner of any substantive or procedural right to which he is entitled.  *Id*.

Petitioner complains that trial counsel failed to investigate, prepare for trial, or file pretrial motions.

A.    Failure to Investigate and Prepare

Petitioner contends that trial counsel was deficient in his investigation and preparation of the case because he failed to file pretrial motions to discover the criminal records of the State's two witnesses, Allen and Farwell.  Petitioner asserts that, had counsel impeached the witnesses with their prior criminal records, the results of the trial would have been different.

Petitioner's claim is factually and legally flawed.  The record shows that trial counsel had been provided information as to the witnesses' criminal records well before trial.  C.R. at 102.  Moreover, the prosecution itself elicited the witnesses' criminal histories, as well as Farwell's agreements with the State, during its own case in chief.  R.R., Vol. 6, pp. 96-97;

20

Vol. 9, pp. 20, 45-46.  Trial counsel was not deficient in having the witnesses repeat their testimony on cross-examination, as the testimony would have been cumulative.  Accordingly, petitioner establishes neither deficient performance nor prejudice under *Strickland*.

In rejecting petitioner's claims of ineffective assistance, the state habeas court found that petitioner "fails to show that counsel's conduct fell below an objective standard of reasonableness and that, but for counsel's alleged deficient conduct, there is a reasonable probability that the result of the proceeding would have been different." *Ex parte Williams*, p. 122 (citations omitted).  The Texas Court of Criminal Appeals expressly relied on this finding in denying habeas relief.  *Id*., at cover.

The state habeas court denied relief on this issue.  Petitioner fails to show that the state court's determination was contrary to, or involved an unreasonable application of, *Strickland* or was an unreasonable determination of the facts based on the evidence in the record.  No basis for habeas relief is shown, and respondent is entitled to summary judgment on this issue.

B.    Failure to File Pretrial Motions

Petitioner further argues that trial counsel was deficient in failing to file pretrial motions regarding the State's forfeiture proceedings.  Petitioner argues that, because the State argued she "owned" the money in the forfeiture proceeding, it was estopped to argue during trial that she was *not* the "owner" of the stolen money.  It was this robbery charge that

21

increased her primary murder charge to capital murder. Petitioner contends that she could not be charged with robbery for stealing her own money.

Contrary to petitioner's contentions, this issue of collateral estoppel was litigated prior to trial. The state court of appeals held that the State was not estopped to argue at trial that petitioner did not own the money. *Ex parte Williams*, 2006 WL 279251, *1-2 (Tex. App. – Houston [14th Dist.] 2006, pet. ref'd). The Texas Court of Criminal Appeals refused discretionary review. No. PD-0520-06 (Tex. Crim. App. 2006). Trial counsel's subsequent attempts to introduce the forfeiture proceedings into evidence at trial were thwarted by the trial court's adverse rulings. R.R., Vol. 10, pp. 11-13. To the extent petitioner complains that trial counsel failed to appeal the ruling as an interlocutory appeal during trial, she provides no authority showing that the interlocutory appeal would be allowed. To the contrary, respondent argues that the interlocutory appeal would have been impermissible under state law, particularly in light of the issue having already been litigated in the pretrial habeas proceeding. Petitioner presents nothing to the contrary. Counsel is not deficient in failing to make meritless arguments, motions, or objections. *Johnson v. Cockrell*, 306 F.3d 249, 255 (5th Cir. 2002).

In rejecting petitioner's claims of ineffective assistance, the state habeas court found that petitioner "fails to show that counsel's conduct fell below an objective standard of reasonableness and that, but for counsel's alleged deficient conduct, there is a reasonable probability that the result of the proceeding would have been different." *Ex parte Williams*,

22

p. 122 (citations omitted).  The Texas Court of Criminal Appeals expressly relied on this finding in denying habeas relief.  *Id*., at cover.

The state habeas court denied relief on this issue.  Petitioner fails to show that the state court's determination was contrary to, or involved an unreasonable application of, *Strickland* or was an unreasonable determination of the facts based on the evidence in the record.  No basis for habeas relief is shown, and respondent is entitled to summary judgment on this issue.

<i>Ineffective Assistance of Appellate Counsel</i>

Petitioner raises the following three instances of ineffectiveness of appellate counsel.

A.   <u>Failure to File a Motion for New Trial</u>

Petitioner asserts that appellate counsel failed to file a motion for new trial or to admonish her of the importance of filing a motion for new trial.  She claims that, had counsel raised issues in a motion for new trial regarding her ownership of the "stolen" money and the instances of prosecutorial misconduct, a new trial would have been granted.

Neither the Supreme Court nor the Fifth Circuit Court of Appeals has determined that a constitutional right to counsel attaches during the time frame relevant to filing a motion for new trial.  *See Graves v.Cockrell*, 351 F.3d 143, 155 (5th Cir. 2003).  Thus, because petitioner was not entitled to counsel for purposes of filing a motion for new trial, she cannot assert that she was denied *effective* counsel.  No cognizable habeas claim is presented.

Even assuming petitioner were entitled to the effective assistance of counsel as to the filing a motion for new trial, she fails to show either deficient performance or prejudice. Petitioner alleges that counsel should have sought a new trial based on her ownership of the stolen money, on the State's suppression of favorable evidence, regarding the State's forfeiture allegations, and on the State's misconduct in introducing the polygraph evidence. Petitioner claims that the State judicially admitted in the forfeiture action that she owned the stolen money; her claim, however, was rejected by the trial court and the Texas Court of Criminal Appeals in *Ex parte Williams*, 2006 WL 279251 (Tex. App. – Houston [14th Dist.] 2006, pet. ref'd). Petitioner does not show that, but for counsel's failure to raise again the issue in a motion for new trial, there is a reasonable probability that the motion would have been granted and the results of her trial would have been different. This Court has denied petitioner's other claims, and no violation of *Strickland* is shown.

The state habeas court denied relief on petitioner's claims for ineffective assistance of counsel. Petitioner fails to show that the state court's determination was contrary to, or involved an unreasonable application of, *Strickland* or was an unreasonable determination of the facts based on the evidence in the record. No basis for habeas relief is shown, and respondent is entitled to summary judgment on this issue.

B.     Failure to Raise Claims on Appeal

Petitioner argues that appellate counsel failed to raise meritorious grounds for appeal as to: (1) exclusion of evidence that petitioner "owned" the stolen money; (2) the trial

court's admission of Farwell's videotaped statement; (3) the trial court's failure to grant a mistrial due to the polygraph comment on the videotape; (4) factual insufficiency of the evidence; and (5) prosecutorial misconduct for deliberately introducing inadmissible polygraph evidence through use of the videotape.

The issue of whether the State was collaterally estopped from arguing at trial that petitioner did not "own" the stolen money was litigated during the pretrial habeas proceedings and resolved adversely to petitioner. Petitioner does not show that, but for appellate counsel's failure to re-urge the issue on direct appeal, there is a reasonable probability that the results of the appeal would have been different. Moreover, the issue of the trial court's error in allowing into evidence Farwell's videotaped statement was raised on direct appeal and rejected. No *Strickland* deficient performance or prejudice is shown.

Petitioner does not demonstrate that, but for appellate counsel's failure to appeal the denial of a mistrial, there is a reasonable probability that the results of the appeal would have been different. Trial counsel's request for a mistrial was based on Farwell's comment in his videotaped statement regarding petitioner's failing a polygraph test. Both the prosecutor and trial counsel stated on the record that they had watched the videotape numerous times prior to trial, but had forgotten it contained Farwell's comment regarding petitioner's polygraph test. The trial court offered to instruct the jury to ignore the comment, but trial counsel was of the opinion that the instruction would call attention to the comment for jurors who may not have heard it. R.R., Vol. 9, p. 115. The parties agreed that the comment would be

redacted from the exhibit copy for purposes of jury deliberations. *Id*. No abuse of discretion in denying the motion for mistrial is shown. *See Coble v. State*, 330 S.W.3d 253, 293 (Tex. Crim. App. 2010). Petitioner fails to meet her burden of showing that appellate counsel was ineffective in failing to challenge the denial of a mistrial on direct appeal.

Nor does petitioner establish that, but for appellate counsel's failure to raise prosecutorial misconduct as to Farwell's videotaped statement, there is a reasonable probability that the results of the appeal would have been different. As the Court has already discussed, nothing in the record supports petitioner's claim that the State deliberately introduced the videotape into evidence for the purpose of allowing the jury to hear that she failed a polygraph examination. Moreover, petitioner's argument would not constitute a "record claim" for purposes of appeal, and no *Strickland* violation is shown.

Further, petitioner does not show that, but for appellate counsel's failure to raise factual insufficiency of the evidence on appeal, the results of the appeal would have been different. Petitioner bases her claim of insufficient evidence on her argument that "stealing [her] own money is not robbery." The State presented evidence at trial showing that the money did not belong to petitioner and that she stole it from witnesses at gunpoint. R.R., Vol. 6, pp. 56-57, 60-62. Petitioner testified at trial that the money belonged to her. It was up to the jury to determine the credibility of the witnesses and their conflicting testimony, which it did by rejecting petitioner's testimony and finding her guilty. This Court's own

review of the record finds no support for petitioner's claim that the evidence would have been found factually insufficient on appeal.[2]

In rejecting petitioner's claims of ineffective appellate counsel, the state habeas court found that petitioner "fails to show that counsel's conduct fell below an objective standard of reasonableness and that, but for counsel's alleged deficient conduct, there is a reasonable probability that the result of the proceeding would have been different." *Ex parte Williams*, p. 122 (citations omitted). The Texas Court of Criminal Appeals expressly relied on this finding in denying habeas relief. *Id.*, at cover.

The state habeas court denied relief on the issues of ineffective assistance of appellate counsel. Petitioner fails to show that the state court's determination was contrary to, or involved an unreasonable application of, *Strickland* or was an unreasonable determination of the facts based on the evidence in the record. No basis for habeas relief is shown, and respondent is entitled to summary judgment on this issue.

*Conclusion*

Respondent's motion for summary judgment (Docket Entry No. 13) is GRANTED. The petition for a writ of habeas corpus is DENIED, and this case is DISMISSED WITH

---

[2]In so doing, the Court applied state law regarding sufficiency of evidence on appeal as it stood in 2008, prior to the Texas Court of Appeals' decision in *Brooks v. State*, 323 S.W.3d 893, 902 (Tex. Crim. App. 2010) (holding that there is no distinction between a claim of legal as opposed to factual insufficiency of the evidence, expressly overruling *Clewis v. State*, 922 S.W.2d 126 (Tex. Crim. App. 1996)). In 2008, the appellate court would have applied the *Clewis* standard of review for factual sufficiency challenges.

PREJUDICE.  A certificate of appealability is DENIED.  Any and all pending motions are DENIED AS MOOT.

    The Clerk will provide a copy of this order to the parties.

    Signed at Houston, Texas, on March 17, 2011.

                           Gray H. Miller
                    United States District Judge