**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF TEXAS**
**HOUSTON DIVISION**

| | | |
|---|---|---|
| TAMISHEA LANETTE WILLIAMS, | § | |
| | § | |
| *Petitioner*, | § | |
| | § | |
| v. | § | CIVIL ACTION NO. H-09-3800 |
| | § | |
| RICK THALER, | § | |
| | § | |
| *Respondent*. | § | |

## ORDER

The Court denied relief and dismissed this state inmate habeas case on March 17, 2011. The Fifth Circuit Court of Appeals denied petitioner a certificate of appealability on December 21, 2011. On September 6, 2012, petitioner filed the pending motions requesting relief under Federal Rules of Civil Procedure Rule 60(b). (Docket Entries No. 43, 44.)

Petitioner states in her motions that Rule 60(b) authorizes a court to "correct a clerical mistake or a mistake arising from oversight or omission in a judgment, order, or other part of the record, with or without notice." (Docket Entry No. 44, p. 2.) However, petitioner is quoting Rule 60(a), not Rule 60(b). Rule 60(a) allows a district court to "correct a clerical mistake or a mistake arising from oversight or omission whenever one is found in a judgment."

Because the court can exercise its authority under Rule 60(a) at any time, it may do so only to provide "a specific and very limited type of relief." *Rivera v. PNS Stores, Inc.*, 647 F.3d 188, 193 (5th Cir. 2011). "To be correctable under Rule 60(a), the mistake must not be one of judgment or even of misidentification, but merely of recitation, of the sort that a clerk or amanuensis might commit, mechanical in nature." *Id.*, at 194 (internal quotations omitted). Clerical mistakes, inaccuracies of transcription, inadvertent omissions, and errors in mathematical calculation are

within the scope of Rule 60(a). *Id.*; *see also Sherrod v. Am. Airlines, Inc.*, 132 F.3d 1112, 1117 (5th Cir. 1998) (holding that Rule 60(a) may be used to correct mindless mechanistic mistakes which require no additional legal reasoning).

Missteps involving substantive legal reasoning, on the other hand, are not "correctable" under Rule 60(a). *Rivera*, 647 F.3d at 194. As noted by the Fifth Circuit in *Rivera*, Rule 60(a) would allow the amending of a judgment to modify a jury's mathematical error in computing damages, but it would not allow the court to amend a judgment that awards specific performance so that it instead awards both specific performance and money damages. *Id.*; *see also Rutherford v. Harris County*, 197 F.3d 173, 190 (5th Cir. 1999) (noting that Rule 60(a) cannot be used to correct errors in substantive judgment). In short, Rule 60(a) "can only be used to make the judgment or record speak the truth and cannot be used to make it say something other than what originally was pronounced." *Id*.

In the instant motions, petitioner argues that this Court made "a clerical mistake arising from oversight or omission in its judgment" in misconstruing and misapplying Supreme Court law regarding her constitutional rights. In support, she presents fifteen pages of legal argument disagreeing with the Court's substantiative judgment. Because petitioner challenges the Court's legal analysis, not a clerical mistake or omission, the Rule 60(a) motions (Docket Entry No. 43, 44) are DENIED.

To the extent petitioner intended to pursue her motion under Rule 60(b), Rule 60(c) requires that a Rule 60(b) motion  be made "within a reasonable time." Specifically, motions seeking relief under Rule 60(b)(1), (2), or (3) must be made no more than a year after the entry of the judgment or order. Consequently, any relief being sought by petitioner pursuant to Rule 60(b)(1), (2), or (3) is

DENIED as untimely.  If petitioner is seeking relief under Rule 60(b)(4) or (5), no factual allegations supporting such grounds are presented, and relief is DENIED.  Should petitioner be seeking relief under Rule 60(b)(6), her motions were filed nearly one-and-one-half years after the Court's denial of habeas relief, and were not made "within a reasonable time."  The motions are DENIED as untimely.

Even assuming petitioner's Rule 60(b)(6) motions were timely, the motions seek to re-litigate habeas grounds already considered and rejected by the Court, and would entitle her to no relief.

Signed at Houston, Texas on October 10, 2012.

Gray H. Miller
United States District Judge